The PRESIDENT.
— Although the appellant’s counsel in their argument of this cause, abandoned the exception taken to the opinion of the Court, refusing to receive the demurrer to evidence, yet we have considered it, thinking it important to the practice, and necessary to be settled. We have been able to derive but little aid upon this subject, from the English books, and have therefore taken it up, on principle. To permit a party to go fully into the trial, and after demurring to the evidence, take his chance with the jury, and failing there, to try the court, would be highly improper, and repugnant to the spirit of the law, which prevents a plaintiff from suffering a *454 nonsuit after the jury have retired. On the other hand, it would be equally improper to preclude him from a demurrer, because he had examined ^witnesses. We think the proper rule, is to allow a demurrer to evidence at any time before the jury retire, altho’ the party demurring may have examined witnesses on his part, the whole evidence on both sides being stated; (which in all cases ought to be done) unless the court think the case clear against the party. In which case, the books agree, that the court may refuse to receive the demurrer. In this case, the opinion of the court as to this point was right, 1st, because the whole evidence was not stated, and 2dly, because we think the case was clearly against the defendant.
To consider the main question relied upon in this court, upon principle. The law has liberally provided remedies for every person injured in his person, property, or reputation. The plaintiff in this case, complains of a wrong done to his character. The jury think his complaint well founded, and that he has sustained damage thereby to a certain amount. Yet the court is applied to, to set aside the verdict, by declaring that the words charged in the declaration are not actionable. If a man be injured in his property to the value of five shillings, he may recover reparation therefor, and yet, if the injury tho’ an hunderd times more grievous, be offered to his reputation, it is said he is without redress by the principles of law, tho’ the fact be established by a jury. If the books be consulted, it will be found, that in ancient times, the judges to discourage actions of slander, were very rigid indeed in their decisions, from whence arose the doctrine (long since exploded) that words should be taken in mitiori sensu. Discovering after-wards, that slanders were by this mean encouraged, a more rational and just principle was introduced, viz. “That words should be understood in the sense they were understood by the bystanders.” In the case of How v. Prinne, 2 Lord Ray 812, it was decided, that to charge a man with evil principles was actionable. In the present case, the words laid in the declaration, clearly import a charge against the defendant in his mercantile character. The declaration states him to be a merchant, and the whole of it taken together shews, that the words were spoken of him as such. It was contended, that the words, do not in themselves import a charge against his reputation. We admit that they might have been innocent. One man may properly say to another in private, by way of asking for information, or in the necessary discussion of a disputed point, that that other had not accounted for property placed in his hands. The case is quite different here — the charge is made publicly — it is laid to have been maliciously *spoken, with intent to, injure the plaintiff, and so the jury have found it. After this it would be highly improper in the court to set aside the verdict.
The judgment must be affirmed.